UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ROBERT POOLER (# 234804)**      **CIVIL ACTION**

**VERSUS**

**N. BURL CAIN, WARDEN, ET AL.**      **NO. 16-0193-BAJ-EWD**

## O R D E R

This matter comes before the Court on the plaintiff's Motion to Proceed *In Forma Pauperis* (R. Doc. 2).

The *pro se* plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against former Warden N. Burl Cain, Lt.Col. Paul Smith, Major Joseph Hooker, MSgt. Kerry Murray, MSgt. Enrico George, and Lt. H. Walker, complaining that the defendants have violated his constitutional rights in several respects, notably by subjecting him to unconstitutional conditions of confinement, by denying him appropriate food and medical attention, by abusing his duty status, and by subjecting him to sexual abuse and harassment.

The statute applicable to the granting of pauper status to inmates challenging the conditions of their confinement in civil proceedings, 28 U.S.C. § 1915(g), makes clear that the plaintiff is not entitled to proceed as a pauper in this case. This statute provides, in pertinent part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). *See also Adepegba v. Hammons*, 103 F.3d 383, 385 (5th Cir. 1996).

A review of the records of the federal courts reflects that the plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals in the federal courts that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1]  Because it is clear that the plaintiff is barred from proceeding *in forma pauperis* in this case,[2] the plaintiff's Motion to Proceed *In Forma Pauperis* shall be denied.   Therefore;

**IT IS ORDERED** that the plaintiff's Motion to Proceed *In Forma Pauperis* in this case (R. Doc. 2) is hereby **DENIED**, and the plaintiff is granted twenty-one (21) days from the date of this Order within which to pay $ 400.00, the full amount of the Court's filing fee.   The filing fee must be paid in full in a single payment.   No partial payments of fees will be accepted. Failure to pay the filing fee within 21 days shall result in the dismissal of the plaintiff's Complaint without further notice from the Court.

Signed in Baton Rouge, Louisiana, on May 31, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

1.  Cases filed by the plaintiff while incarcerated that have been dismissed by a federal court as frivolous or for failure to state a claim include, but are not limited to, *Robert Lee Pooler v. Edward J. Larrission, et al.*, Civil Action No. 94-1563 (E.D. LA), *Robert Pooler v. Kathleen Blanco, et al.*, Civil Action No. 07-0175-JVP-DLD (M.D. LA), and *Robert Pooler v. James M. LeBlanc, et al.*, Civil Action No. 09-0293-RET-CN (M.D. LA).

2.  The allegations of the plaintiff's Complaint do not fall within the "imminent danger" exception to the statute.   Although he alleges that he faces "imminent danger of serious physical injury," his allegations in this regard are entirely conclusory and do not support the invocation of the exception to the three-strikes rule.   The Court further notes that the plaintiff recently filed a lawsuit before this Court that included similar allegations, *see Robert Pooler v. N. Burl Cain, Warden, et al.*, Civil Action No. 16-0131-SDD-EWD, and the Court denied the plaintiff entitlement to proceed *in forma pauperis* in that case as well.